# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ESGUERRA-AGUILAR, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHAPES FRANCHISING, LLC, et al.,<br><br>Defendants. | Case No.  20-cv-00574-BLF<br><br>**ORDER DENYING DEFENDANTS' LOCAL RULE 6-3 MOTION TO CONTINUE INITIAL CASE DEADLINES PENDING RULING ON MOTION TO STAY; RESETTING INITIAL CASE MANAGEMENT CONFERENCE TO MAY 28, 2020**<br><br>[Re: ECF 15] |

On January 25, 2020, Plaintiffs Esguerra-Aguilar, Inc. and Avi Minkoff filed this lawsuit against their former franchisors. *See* Complaint at ECF 1.  On April 15, 2020, Defendants filed a Motion to Stay Proceedings Pending Arbitration ("Motion to Stay"), which is set to be heard on May 28, 2020. ECF 13.  On April 20, 2020, Defendants filed the present motion, pursuant to Civil Local Rule 6-3, seeking to extend of the following deadlines to a date no earlier than twenty-one (21) days following a ruling on the Motion to Stay: (1) the deadline for Defendants to file a response to the Complaint, (2) all of the deadlines listed in ECF 4, and (3) all of the deadlines and the Initial Case Management Conference listed in ECF 9.   Defendants' Local Rule 6-3 Motion to Continue Initial Case Deadlines Pending Ruling on Motion to Stay ("Motion") at 1, ECF 15.

In this District, motions to enlarge or shorten time are governed by Civil Local Rule 6-3, which requires, *inter alia*, that the moving party identify "substantial harm or prejudice that would occur if the Court did not change the time[.]"  Civ. L. R. 6-3.  Defendants argue that absent a stay "they will be forced to incur substantial expense that will be avoided if the Court grants Defendants' pending Motion to Stay."  Motion at 3.  In addition, Defendants claim to be "concerned that if they

are forced to raise their substantive defenses to Plaintiffs' claims in this Court, Plaintiffs will try to use that as an opportunity to argue that Defendants somehow waived their right to arbitrate." *Id.* at 3-4. For support, Defendants cite to several out-of-district decisions (some disagreeing with the Ninth Circuit[1]) to argue that "courts have routinely granted stays of trial court proceedings pending interlocutory appeal of orders denying arbitration in order to avoid the potential unnecessary duplication of expense and waste of judicial resources if arbitration were directed on appeal." *Id.* at 4 (citing cases). Plaintiffs respond that "Defendants have failed to show the 'substantial harm or prejudice' that would result absent a continuance of the initial case deadlines" and continuing the deadlines would significantly delay this case. Plaintiffs' Opposition to Motion ("Opp'n") at 2-3, ECF 17,

The Court finds the Defendants' identification of substantial harm generic and unpersuasive. Defendants' justification for delaying the litigation until 21 days after their Motion to Stay is decided fails to distinguish this case from the run of the mill case in this procedural posture: the parties would incur costs litigating the case. Defendants argue that the current circumstances in this case are "analogous" to those where courts grant "stays of trial court proceedings pending interlocutory appeal of orders denying arbitration." Motion at 4. But the Ninth Circuit has rejected a *per se* stay on district court litigation while appeals on arbitration decisions are pending. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (holding that stay decisions are "proper subject for the exercise of discretion by the trial court"). By bringing this motion, Defendants are asking this Court to grant such a *per se* stay – even before the Court has issued a decision on arbitratability. The Court declines. "Many courts […] have concluded that incurring litigation expenses does not amount to an irreparable harm." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (collecting cases); *see also Bradberry v. T-Mobile USA, Inc.*, No. C 06 6567 CW, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("The cost of some pretrial litigation does not constitute an irreparable harm to Defendant."). In addition,

---

[1] *See e.g., Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (finding the Ninth Circuit's decision in *Britton v. Co–Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990) unpersuasive).

2

1  Defendants provide no support for their speculative concern that further litigation of this case might
2  result in waiving of their right to arbitrate.  And this Court would not entertain such a motion by
3  Plaintiffs in light of their opposition to this Motion.
4      For the foregoing reasons, the Court DENIES Defendants' Motion to Continue Initial Case
5  Deadlines Pending Ruling on Motion to Stay at ECF 15.  For the convenience of all parties, however,
6  the Court RESETS the Initial Case Management Conference from May 14, 2020 to **May 28, 2020**
7  to follow immediately after the hearing on Defendants' Motion to Stay.  A joint case management
8  statement will be due on May 21, 2020.

**IT IS SO ORDERED.**

Dated: May 1, 2020

_____
BETH LABSON FREEMAN
United States District Judge